ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 SEP 28 AM 10: 17
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CHARLES R. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 311-068 |
| ) | |
| CLARANCE SANDERS, Sheriff of ) | |
| Montgomery County, and THOMAS H. ) | |
| CORBIN, Sheriff of Treutlen County, in ) | |
| their individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff was an inmate detained at Treutlen County Jail in Soperton, Georgia, at the time he filed the above-captioned case pursuant to 42 U.S.C. § 1983. In a motion submitted along with his complaint, Plaintiff requested permission to proceed *in forma pauperis*. (Doc. no. 2.) On July 8, 2011, the Court granted Plaintiff's motion to proceed IFP, subject to the condition that he return his Trust Fund Account Statement and Consent to Collection of Fees form; in addition, the Court cautioned Plaintiff that while this action is pending, he shall immediately inform this Court of any change of address and failure to do so would result in the dismissal of this case. (Doc. no. 3, pp. 3-4.)

In response, Plaintiff submitted a motion in which he indicated his intent to prepay the entire filing fee in this case and requested a short extension of time in which to do so.[1]

---

[1] Curiously, a few days after filing this motion, Plaintiff also submitted his Consent to Collection of Fees form, along with a ledger sheet with information regarding his trust

(Doc. no. 6.) The Court granted that motion in an Order issued August 15, 2011, allowing Plaintiff until August 22, 2011, in which to pay the entire $350.00 filing fee for this case. (Doc. no. 8.) This time period has expired, yet Plaintiff has failed to pay his filing fee as indicated. Nor has Plaintiff offered any explanation for his failure to pay.

Moreover, Plaintiff's service copy of the Court's August 15, 2011 Order was returned and marked "Return to Sender – no longer at this location." (Doc. no. 9.) Thus, in addition to failing to pay his filing fee, Plaintiff has also failed to comply with the Court's instruction to notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.[2]

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[3] ("It is well settled that a district court has inherent

---

account at Treutlen County Jail. (Doc. no. 7.)

[2]Even if the Court were to assume that Plaintiff was unable to carry through on his plan to pay the filing fee, it would have to determine, based on the information provided with his IFP paperwork (doc. no. 7), whether he is entitled to proceed IFP and, if so, what initial filing fee he is required to pay. However, given Plaintiff's failure to notify the Court of his current address, such a course of action would be futile.

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff requested permission to proceed IFP and has failed to pay the filing fee in this case, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[4] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); see also Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case

---

[4]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of September, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE